UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SERGEI A. MOROSHKIN,

                Plaintiff,

-against-

RT. REV. ANDREW DIETSCHE,

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __2/18/2022__

22-cv-864 (MKV)

ORDER OF DISMISSAL

MARY KAY VYSKOCIL, United States District Judge:

    Plaintiff brings this *pro se* action, for which the filing fee has been paid, alleging that Defendant retaliated against him in violation of his rights under 42 U.S.C. 2000e-3(a). The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

    The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), that it fails to state a claim, *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff, a Manhattan resident, filed this complaint against the Right Reverend Andrew Dietsche, the Archbishop of the Episcopalian Diocese of New York. Plaintiff invokes the Court's federal question jurisdiction, and purports to assert a claim under the "anti-retaliation provision, Civil Rights Act of 1964 § 704(a), 42 U.S.C.A. § 2000e-3(a)." (ECF 1 ¶ I.) The events giving rise to this complaint occurred on January 10, 2021, while Plaintiff was standing by the gate of Trinity Church waiting to receive a sandwich. The complaint sets forth the following facts.

A security guard named Louis attacked Plaintiff "from the back by chemical spray used by military forces against active civilians in occupied territories to trace their movement and place of residence." (*Id.* ¶ III.) The chemical "bioweapon" caused Plaintiff to lose teeth and experience cardiac distress and chronic pain to his back and left leg. (*Id.*) Later that evening, a black car came to Plaintiff's temporary residence, and a person from the car shouted to Plaintiff's landlord, "is Sergei living here?" (*Id.*)

Plaintiff previously filed a complaint regarding these events in the New York State Supreme Court, New York County, which proceeded under Index Number 2021-02827. That court dismissed the complaint on June 30, 2021, and the Appellate Division affirmed the dismissal on January 13, 2022, because Plaintiff failed to prove that the security guard had "acted in an occupational capacity." (*Id.*) Here, Plaintiff alleges that Trinity Church retaliated against Plaintiff for filing the lawsuit by "refus[ing] to get [his] brief and record of appeal on their address directed delivery of the documents to 28 Liberty Place to Federal Security agency which shut down my internet connection from December 2021." (*Id.* ¶ V.) Plaintiff "see[s] illegality and corruption" in the security service at Trinity Church, and he seeks $10,000 from Defendant Dietsche "for relief from my health damages and retaliation." (*Id.*)

**DISCUSSION**

Plaintiff filed this complaint under the Court's federal question jurisdiction. To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff purports to assert a claim under the anti-retaliation provision of Title VII of the Civil Rights Act of 1964. Title VII provides that "[i]t shall be an unlawful employment practice for an employer … to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a). To prevail on a Title VII retaliation claim under § 2000e-3(a), the employee must show that: (1) the employee engaged in a protected activity; (2) the employer knew of this activity; (3) the employer took adverse action against the employee; and (4) there was a causal relation between the adverse action and the employee's protected activity. *Trivedi v. N.Y.S. Unified Court System Office of Court Admin.*, 818 F. Supp.2d 712, 736 (S.D.N.Y. 2011) (citing *Cifra v. Gen. Elec. Co.*, 252 F.3d 205, 216 (2d Cir. 2001)). The existence of an employer-employee relationship is an essential element of a Title VII claim. *Dabney v. Christmas Tree*

*Shops*, 958 F. Supp.2d 439, 446 (S.D.N.Y. 2013) (citing *Gulino v. New York State Educ. Dep't*, 460 F.3d 361, 370 (2d Cir. 2006)).

Plaintiff's allegations fail to give rise to a claim under § 2000e-3(a). Plaintiff asserts that a security guard at Trinity Church sprayed him with a chemical agent; that someone in a black car came to Plaintiff's residence; and that the church retaliated against Plaintiff for filing a lawsuit about these events. Even if the Court assumes the truth of these assertions, they do not give rise to a retaliation claim under Title VII, because there was no employer-employee relationship between Plaintiff and either Dietsche, the church, or the security guard. Nor do the alleged facts suggest any other causes of action falling under the Court's federal question jurisdiction.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint is dismissed for failure to state a claim on which relief may be granted.

SO ORDERED.

Dated:   February 18, 2022
         New York, New York

_____
MARY KAY VYSKOCIL
United States District Judge